IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE GARZA,

        Plaintiff,

  v.                              CASE NO. 10-3140-SAC

L.S.H. ISAAC RAY,

        Defendant.

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by a Kansas prisoner currently confined at the Larned State Hospital, Larned, Kansas (LSH). As the factual basis for his complaint, Mr. Garza alleges as follows. On June 17, he had a "disagreement with staff" and was argumentative and upset but did not hit anyone. He was "tackled down" twice by two staff members, and was then thrown into his room by unit manager Brandon where he hit the bed post. He believes his ribs were "either fractured or broken" when two staff members got on top of him. He was in pain for over a week, has yet to get x-rays, and doesn't know what "they" are waiting for. He was told by Dr. Paytel, Nurse Nicole, and Dr. Monair that he would be excused from his "activities". However, Nurse Myra said she didn't know about that and does not want to excuse him, though it's hard for him to breathe and move.

Plaintiff asserts that he is being subjected to cruel and unusual punishment and denied due process. He seeks nothing other than money damages.

**FILING FEE**

Plaintiff has filed the top page only of an Application to Proceed Without Prepayment of Fees. Mr. Garza is no stranger to this court, and has repeatedly been informed of the statutory requirements for proceeding in federal court without prepayment of fees. He has not provided either a complete motion or the certified statement of his inmate account that is required by 28 U.S.C. § 1915[1]. The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. 1915(a), and plaintiff will be given time to submit a proper, fully completed motion with the required financial information. This action may not proceed until he has submitted a motion that conforms to the requirements of Section 1915(a). Plaintiff is again forewarned that even if his motion to proceed without prepaying the fee is granted, he will be obligated to pay the full $350.00 court filing fee herein from payments automatically deducted from his inmate account until the fee is paid in full. Furthermore, once the court receives his financial information, he may be assessed an initial partial filing fee that he will be required to submit. If plaintiff does not file a proper motion and supporting financial information within the time provided, this action may be dismissed for failure to satisfy the filing fee prerequisite and for failure to comply with a court order.

**SCREENING**

---

[1] 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. 1915(a)(2).

Plaintiff has also previously been informed that he must name a person, rather than an institution or building, as a defendant in a civil rights complaint. "LSH Isaac Ray" is not a person and is not a proper defendant. He may not recover money damages against this institution for the acts described in the complaint. This complaint is subject to being dismissed for the reason that Mr. Garza has not named a proper defendant.

Moreover, this complaint is subject to being dismissed because plaintiff has not alleged sufficient facts to state a claim of cruel and unusual punishment based upon denial of medical treatment.[2] Mr. Garza does not allege that a doctor actually diagnosed him with broken ribs, or ordered a particular treatment that has not been provided, or issued an order restricting his activities. He states he has not had x-rays, but does not allege that any medical professional has found that x-rays were medically necessary. He is not entitled to x-rays and restrictions simply based upon his own layperson's opinion that they are necessary. Moreover, even though he complains that he has not received treatment, his allegations indicate that he has at least discussed his injuries with Dr. Paytel, Dr. Monair, Nurse Nicole, and Nurse Myra. His claim is deficient in that he does not allege that he put in a request for medical attention that was denied.

Plaintiff is given time to name a proper defendant and state facts sufficient to support a claim under the Eighth Amendment. If he fails to cure these deficiencies in his complaint within the time allotted, this action will be dismissed for failure to state a claim

---

[2] Plaintiff alleges no facts whatsoever to support a claim of denial of due process.

and failure to comply with a court order.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to file a proper motion to proceed without prepayment of fees that is supported by a certified copy of his inmate account statement for the six months immediately preceding the filing of this action.

**IT IS FURTHER ORDERED** that within the same twenty (20) day period plaintiff must cure the deficiencies in his complaint by naming a proper defendant and alleging sufficient facts to state a federal constitutional violation.

**IT IS SO ORDERED**.

Dated this 21st day of July, 2010, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge