IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE GARZA,

    Plaintiff,

  v.         CASE NO. 10-3140-SAC

L.S.H. ISAAC RAY,

    Defendant.

**O R D E R**

On July 21, 2010, this court entered an Order herein granting plaintiff time to file a proper motion to proceed without prepayment of fees on court-approved forms and supported with a certified copy of his inmate account statement for the six months immediately preceding the filing of this action. The court also screened the complaint and ordered plaintiff to, within the same time limit, cure the deficiencies in his complaint set forth in the court's screening order.

The matter is before the court upon plaintiff's Motion for Extension of Time (Doc. 4), Response (Doc. 5), and Supplement to Motion for Extension of Time (Doc. 6). In plaintiff's Motion for Extension of Time, he seeks additional time "to prepare," and states that he is trying to obtain copies of his doctor's orders as to his injury as well as his requests as to why it took "almost two weeks" to take him to the emergency room for x-rays.

In plaintiff's Response (Doc. 5) he states that he is providing "the names you need," some without last names, because he

does not know them and "they" will not tell him.  The names listed are: RN Lucy, RN Nakol Oiler, Unit Leader Brandon, Social Worker Cathy Cooper, RN Myra Johnson, Mr. Paytel, LMHT Jonathon, psychologist Steve Walters, and Risk Management Lisa Dipman.  In his "Supplement" he also lists "the doctor - Monir."

In plaintiff's submission that was filed by the clerk as his Supplement (Doc. 6) to Motion for Extension of Time (Doc. 4),[1] plaintiff sent in exhibits, which he describes as "some of the slips that I wrote to the doctor and the social worker."  He alleges that "neither" has answers, and that he is "having trouble" getting medical records.  The exhibits are mainly of prison grievances submitted after this action was filed, asking for the return of his "request slips" in which he apparently asked "why it took almost two weeks before (h)e went to the hospital" to get x-rays showing he had fractured ribs.

**INITIAL PARTIAL FILING FEE ASSESSED**

Despite being ordered to do so, Mr. Garza has not submitted a "certified copy" of his inmate account showing all transactions to his account for the full six-month period immediately preceding the filing of his complaint.[2]  That statement should be for the

---

[1] Plaintiff did not include titles on his pleadings, and thus the clerk had to construe a title for the docket entry.

[2] It was plaintiff's responsibility to properly request his account information from each institution at which he was confined during the pertinent six-month period.  To show that he was actually prevented from receiving this information, he should have fully explained what efforts he made, the dates of his requests, to whom his requests were directed, and in what manner his requests were impeded.  He has not shown that he made sufficient effort, that he followed

2

months of January through June, 2010. Instead he provides financial data for only two of those months, January and June 2010. He has also failed to file a complete financial affidavit, which he was directed to do by submitting his motion to proceed in forma pauperis upon court-approved forms. The court relies upon the scant information provided to find as follows. Plaintiff is again reminded that under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly balance for the two months that information is provided was $262.80, while the average monthly deposit was much less. The court therefore assesses an initial partial filing fee of $ 52.50, twenty percent of the average monthly balance, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed

---

proper procedures, or that his efforts to obtain his financial records were improperly impeded.

further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**<u>DEFICIENCIES IN COMPLAINT</u>**

Mr. Garza was advised in the court's prior screening order that he had not named a proper defendant. He responded by simply sending in several names. He did not file a proper, complete, amended complaint in accord with Rule 15, Fed.R.Civ.P., which named any of those individual persons as defendants. Mr. Garza is acting pro se, obviously has trouble understanding and following the court's orders, and appears to now intend to name these persons as defendants. For these reasons, the court considered the option of very liberally construing his "Response" (Doc. 5) as an amendment to his complaint to name the nine persons listed therein as defendants in this case. However, this would be of little benefit to either plaintiff or the processing of his case. This is because Mr. Garza has included no allegations describing the acts of each newly listed person that link that person with the actual denial of his medical treatment for fractured ribs. He was informed of the factual deficiencies in the court's initial screening order, but has still not provided the date(s) upon which he requested medical treatment for fractured ribs, and the name of the person or persons to whom he made or gave his request(s) that actually refused to provide necessary treatment. Thus, he has utterly failed to allege the personal participation of any of the newly named individuals in

4

the alleged unconstitutional denial of medical treatment. Plaintiff was simply ordered to name a person or persons as defendant(s) and allege facts showing that each person named had actually denied his request or had actually observed and ignored his obvious need for medical treatment. He should name as defendants only those persons that were actually involved in the denial of his requests for medical treatment for fractured ribs. The persons he intends to sue for denying medical treatment must all be named in the caption of his Amended Complaint. See Fed.R.Civ.P. Rule 10. Then, plaintiff must refer to each named defendant in the body of his Amended Complaint as well, where he must describe each defendant's personal acts that resulted in his being denied medical treatment for fractured ribs.

In summary, plaintiff is given thirty (30) days to submit the initial partial filing fee and to file an Amended Complaint with this case number written upon it on forms provided by the court that names all defendants in the caption and body of the complaint. In addition, in his Amended Complaint he must allege sufficient facts to show each defendant's personal participation in acts that resulted in his being denied medical treatment. If plaintiff fails within the allotted time to pay the initial partial filing fee and file an Amended Complaint in this case that properly names defendants and alleges facts showing their personal participation, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial

partial filing fee of $ 52.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) day period plaintiff must file an Amended Complaint, as discussed herein, upon court-provided forms with case number 10-3140 written on the first page.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Extension of Time (Doc. 4) is granted, and the time in which he must satisfy the filing fee prerequisite and submit an Amended Complaint that cures the deficiencies in his complaint is hereby extended for the same thirty (30) day period in which he is required to otherwise comply with the foregoing orders of this court.

The clerk is directed to send plaintiff § 1983 forms.

**IT IS SO ORDERED.**

Dated this 22nd day of March, 2010, at Topeka, Kansas.

                                       s/Sam A. Crow
                                       U. S. Senior District Judge